UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTUR KOSTENIUK,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No.  1:24-cv-01247-KES-BAM

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND

(Docs. 14, 18)

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Artur Kosteniuk ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for the issuance of findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence as a whole and is based upon proper legal standards.  Accordingly, the Court will recommend that Plaintiff's motion for summary judgment and appeal from the administrative decision of the Commissioner of Social Security be denied, the Commissioner's request to affirm the agency's determination to

1

deny benefits be granted, and judgment be entered in favor of the Commissioner of Social Security.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for supplemental security income on October 22, 2021.  AR 275-84, 285-88.[1]  Plaintiff alleged he became disabled on January 1, 2017, due to schizophrenia, bipolar, anxiety, depression, and anger issues.  AR 305.  Plaintiff's application was denied initially and on reconsideration.  AR 103-07, 113-17.  Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Brian Lucas issued an order denying benefits on April 17, 2024.  AR 14-25, 30-52.  Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

### Relevant Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

On April 17, 2024, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 17-25.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 22, 2021, the application date.  AR 19.  The ALJ identified the following severe impairments: bipolar disorder and unspecified schizoaffective disorder.  AR 19.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 20-21.  Based on a review the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:  the claimant is limited to simple, routine tasks, and can have only frequent, but not constant

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

interaction with coworkers and supervisors, but occasional interaction with the public. AR 21-24. With this RFC, the ALJ determined that there were jobs existing in the national economy that Plaintiff could perform, such as landscape laborer, equipment washer, and kitchen helper. AR 24-25. The ALJ therefore concluded that Plaintiff had not been under a disability since October 22, 2021, the date the application was filed. AR 25.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**[2]

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to fully develop the record and obtain an updated opinion of Plaintiff's mental RFC from an examining physician.  (Doc. 14 at 3.)  Plaintiff also contends that the ALJ failed to offer any reason for rejecting Plaintiff's subjective complaints.  (*Id.*)

**A.  Duty to Develop the Record**

Plaintiff first argues that the ALJ failed his duty to develop the record and obtain an updated medical opinion regarding Plaintiff's mental impairments.  (Doc. 14 at 8.)  Plaintiff states that the only medical opinions of record regarding Plaintiff's mental impairment came from the state agency medical consultants.  (Doc. 14 at 8.)  Plaintiff contends that because these consultants only reviewed records through 2021, the ALJ had a duty to develop the record and obtain an updated opinion.  (*Id.*)  To that end, Plaintiff claims that additional treatment records from Fresno County demonstrate a clear worsening of Plaintiff's condition, and that Plaintiff was only ever examined by telephone and never provided a full mental status examination at any point in the record other than a hospitalization in 2020.  (*Id.*)  Plaintiff therefore asserts that the ALJ should have obtained a consultative examination to provide a full examination and an updated accounting of Plaintiff's mental impairments.  (*Id.* at 8-9.)

To support his assertion, Plaintiff argues that the treatment records indicated he "required increases in his medication dosages (Ar. 542), was not stable on his medication (Ar. 546), and continued to report hallucinations, difficulty sleeping, and anger.  There is a clear worsening described within these reports . . . ."  (Doc. 14 at 8.)  Plaintiff further argues that the ALJ was "not qualified to interpret the raw medical data demonstrating worsening" of Plaintiff's condition and

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

had a duty to "obtain an updated medical opinion to determine how the worsening of Plaintiff's condition impacted his ability to perform work-like functions."  (*Id.*)

It is Plaintiff's burden to establish disability. *Terry*, 903 F.2d at 1275; 42 U.S.C. § 423(d)(5)(A). ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. §§ 404.1512(a), 416.912(a) ("[Y]ou have to prove to us that you are ... disabled ...."); *Wagner v. Comm'r of Soc. Sec.*, No. 1:22-cv-01566-CDB, 2024 WL 1312214, at *9 (E.D. Cal. Mar. 27, 2024) (acknowledging plaintiff's burden to establish disability).  An ALJ's duty to develop the record is triggered only where there is an inadequacy or ambiguity. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Here, there is no indication that the record was inadequate or ambiguous, such that it triggered the ALJ's duty to further develop the record.  The record in this case included Plaintiff's testimony, his treatment records, and the opinions of the state agency physicians, all of which were summarized by the ALJ.  AR 21-24, 32-48, 53-67, 69-87, 371-639.  Absent any inadequacy or ambiguity, the ALJ was not required to request a consultative examination.  *See*, *e.g.*, *LeBeouf v. Saul*, No. 1:19-cv-00201-BAM, 2020 WL 5702240, at *10-11 (E.D. Cal. Sept. 24, 2020) (concluding ALJ was not required to request a consultative examination in part because the "record contained what appears to be Plaintiff's complete treatment records, which supported the ALJ's finding and did not present an ambiguity or inadequacy."); *see also Wagner*, 2024 WL 1312214, at *9-10 (determining absence of opinion from treating or examining physician did not give rise to duty to develop record where record contained opinions of state agency medical consultants, plaintiff's testimony, and plaintiff's complete medical records).

As noted above, Plaintiff contends that because the state agency consultants only reviewed records through 2021, the ALJ had a duty to develop the record and obtain an updated opinion. (Doc. 14 at 8.)  However, the mere existence of medical records post-dating a state agency

physician's review does not in and of itself trigger a duty to further develop the record. *See*, *e.g.*, *Charney v. Colvin*, No. CV 1-7080 JC, 2014 WL 1152961, at *7 (C.D. Cal. Mar. 21, 2014), aff'd, 647 F. App'x 762 (9th Cir. 2016) (finding that the ALJ did not err in relying on the opinions of state agency physicians that did not account for subsequent medical records where subsequent records were considered by the ALJ and were not inconsistent with RFC); *Smith v. Saul*, No. 1:19-cv-01085-SKO, 2020 WL 6305830, at *8 (E.D. Cal. Oct. 28, 2020) (concluding "updated opinion is not required simply because additional medical evidence is received after the State agency physicians had already reviewed Plaintiff's records."); *Ortiz v. Saul*, No. 1:17-cv-01611-BAM, 2019 WL 4298035, at *6  (E.D. Cal. Sept. 11, 2019) (indicating ALJ's consideration of the medical evidence post-dating state agency physician's opinion was within her province in determining plaintiff's RFC).  Indeed, "there is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020).

The ALJ here evaluated the objective medical evidence after 2021, which post-dated the state agency physicians' review.  *See* AR 22-23.  The ALJ then interpreted these later treatment records and formulated Plaintiff's RFC based on his mental impairments.  *See Smith*, 2020 WL 6305830, at *9 (finding ALJ properly interpreted evidence post-dating state agency physicians' opinions, as charged to do, and formulated RFC); *Ortiz v. Saul*, 2019 WL 4298035, at *5-6 (rejecting argument that ALJ had a duty to develop the record where ALJ considered evidence post-dating the State agency consultants' review and assessed additional mental limitations based on the record as a whole).

Plaintiff argues that the treatment records post-dating the state agency physicians' review showed a worsening of Plaintiff's condition, citing treatment records dated January 30, 2023 and June 22, 2023 from Fresno County Department of Behavioral Health.  (Doc. 14 at 8, citing AR 542 and 546.)  Plaintiff claims these records indicated he "required increases in his medication dosages (Ar. 542), was not stable on his medication (Ar. 546), and continued to report hallucinations, difficulty sleeping, and anger."  (*Id.*)

Plaintiff correctly notes that the January 2023 treatment record shows medication changes,

6

including an increase in his Oxcarbazepine, but that same record also includes Plaintiff's own report that he was "doing very well," was "just having trouble sleeping," and had no symptoms of mania or acute psychosis. AR 545-46. Although Plaintiff also claims the June 2023 record showed an increased medication change, the record reflects that Plaintiff's medication remained unchanged from January 2023. *Compare* AR 546 (1/30/2023: started on Trazodone 50mg, continued Risperidone 2mg, and increased Oxcarbazepine to 450 mg) *with* AR 542 (6/22/2023: Trazodone 50mg, Risperidone 2mg, Oxcarbazepine 450mg). Further, in the June 2023 record, Plaintiff reported "getting somehow aggravated," but on objective evaluation his behavior was cooperative, and his cognition, speech, orientation, mood, insight and judgment were all normal. AR 541. Additionally, the record shows that by October 2023, Plaintiff reported doing well, had no new complaints, and his medication dosages remained unchanged. AR 560-65. The ALJ considered these records in developing Plaintiff's RFC, including the medication changes, and expressly accounted for Plaintiff's hallucinations, concentration issues, and anger outbursts in developing the RFC. AR 22-24. There is no indication that the ALJ made medical judgments based on raw medical data. "[A]n ALJ is almost always tasked with performing some independent review [of] the medical evidence that was never considered by one of the state agency's [ ] physicians, and thereafter translating the same into an RFC ... this is indeed the ALJ's role." *Razaqi v. Kijakazi*, No. 1:20-cv-01705-GSA, 2022 WL 1460204, at *7 (E.D. Cal. May 9, 2022).

For these reasons, the Court finds that the ALJ was not obligated to further develop the record.

### B. Subjective Testimony

Plaintiff next argues that the ALJ failed to offer any reason for rejecting Plaintiff's subjective complaints. (Doc. 14 at 9.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of

the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but discounted his statements concerning the intensity, persistence and limiting effects of those symptoms.  AR 23.  The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

The Court finds that the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints.  First, the ALJ discounted Plaintiff's subjective complaints based on his activities of daily living.  AR 23.  An ALJ may properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) (an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"), superseded by regulation on other grounds. Here, the ALJ appropriately determined that Plaintiff's allegations were inconsistent with his daily activities.  For instance, the ALJ considered Plaintiff's testimony that he takes care of his own personal needs when he feels like it, microwaves simple meals, keeps his room clean, takes out the trash, and helps his mother with chores.  AR 23.  The ALJ also considered Plaintiff's function report, which indicated that Plaintiff took care of pets, had no issues taking care of his own personal needs, cooked daily meals, cleaned, did laundry, and went to the store 1-2 times per month.  AR 23, 323-25. A plaintiff's activities may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment even where those activities suggest some difficulty functioning. *Molina*, 674 F.3d at 1113.

Second, the ALJ considered Plaintiff's course of treatment in discounting his subjective complaints.  AR 23.  The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3);

8

*Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Here, the ALJ contrasted Plaintiff's testimony that he lost control of himself when he tried switching the time he took his medication with Plaintiff's admission that it improved when he returned to the original time. AR 23, 40, 45. The ALJ also considered Plaintiff's testimony that increases in medication helped him, (AR 45), and record evidence that Plaintiff was "doing well on the current medication" and "typically doing well with his medication." AR 23, citing AR 543-46, 551-54, 560-67.

Third, the ALJ considered whether Plaintiff's subjective statements were consistent with the objective medical evidence. AR 23. While a lack of objective medical evidence cannot form the sole basis for discounting testimony, inconsistency with the medical evidence or medical opinions can be sufficient. *See Woods v. Comm'r of Soc. Sec.*, No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022) (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008); 20 C.F.R. § 416.929(c)(2) (consideration of objective medical evidence, including laboratory diagnostic techniques); SSR 16-3p, 2017 WL 5180304, at *5 ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record."); *see also Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *accord Dittmer v. Comm'r of Soc. Sec.*, No. 1:22-CV-01378-SAB, 2024 WL 967439, at *9 (E.D. Cal. Mar. 6, 2024) ("Ninth Circuit caselaw has distinguished testimony that is 'uncorroborated' by the medical evidence from testimony that is 'contradicted' by the medical records, deeming the latter sufficient on its own to meet the clear and convincing standard."). The ALJ appropriately contrasted Plaintiff's subjective complaints with the medical record. For example, the ALJ contrasted Plaintiff's testimony that he has visual hallucinations daily (AR 41), with the absence of records of hallucinations to that extent, citing records in which Plaintiff indicated in November 2021 and 2022 that he just sometimes had hallucinations, (AR 469-71, 531-33) and noted in December 2022 that he just saw colors and shadows at night, (547-48), and there was no other record of hallucinations. AR 23. The ALJ also contrasted Plaintiff's

testimony that he has anger outbursts around 15-20 times a month (AR 42-43) with treatment records from December 2021 and February 2022 which indicated Plaintiff had some anger, but not to the extent alleged.   AR 23, citing AR 505-06 ("still get flashes of anger"), 531-33.

Fourth, the ALJ also considered that certain of Plaintiff's testimony was unsupported by the objective evidence.  AR 23.  Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  Here, the ALJ considered Plaintiff's statement that he does not go outside very often (AR 44) but determined that there was no record of Plaintiff isolating.  AR 23.  The ALJ also considered Plaintiff's testimony that he gets overwhelmed when trying to do certain tasks at which time he will close his eyes (AR 47) but noted that there was no record of Plaintiff getting overwhelmed.  AR 23.

Based on the above, the Court concludes that the ALJ provide clear and convincing reasons for discounting Plaintiff's subjective complaints.  Even if one of the reasons for discounting those complaints was invalid, any such error is harmless because the ALJ provided other valid reasons for discounting Plaintiff's subjective testimony. *See Carmickle*, 533 F.3d at 1161-63 (finding that two invalid reasons to reject a claimant's testimony were harmless error where the ALJ articulated two other reasons supported by substantial evidence in the record); *Molina*, 674 F.3d at 1115 ("several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.      Plaintiff's motion for summary judgment (Doc. 14) and appeal from the agency's decision be denied.

2.      The Commissioner's request to affirm the agency's decision (Doc. 18) be granted.

3.      The Clerk of the Court be directed to enter judgment in favor of Defendant

Commissioner of Social Security, and against Plaintiff Artur Kosteniuk.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits**.  **Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 9, 2026**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

11