UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTUR KOSTENIUK, | No. 1:24-cv-01247-KES-BAM |
| Plaintiff, | ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S REQUEST TO AFFIRM |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security[1], | |
| Defendant. | ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF |
| | Docs. 14, 18, 20 |

Plaintiff Artur Kosteniuk seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income under Title XVI of the Social Security Act.  Plaintiff asserts the administrative law judge ("ALJ") erred by not developing the record and in evaluating his subjective complaints.  Doc. 14.  The Commissioner opposes the appeal, asserting substantial evidence supports the ALJ's decision.  Doc. 18.

The magistrate judge found the ALJ's duty to develop the record was not triggered because there was "no indication that the record was inadequate or ambiguous."  Doc. 20 at 5; *see also id.* at 4-7.  The magistrate judge also found that "the ALJ provided clear and convincing

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

1

reasons for discounting Plaintiff's subjective complaints," including Plaintiff's daily activities, effectiveness of treatment, inconsistent statements regarding the severity of symptoms, and the objective medical evidence. *Id.* at 10; *see also id.* at 8-10. The magistrate judge concluded "the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards." *Id.* The magistrate judge recommended the Court deny Plaintiff's appeal, grant the Commissioner's request to affirm, and enter judgment in favor of the Commissioner. *Id.*

Plaintiff filed objections to the findings and recommendations.[2] Doc. 22. Plaintiff does not dispute the findings of the magistrate judge related to the duty to develop the record. *See id.* at 1-7. Plaintiff objects to the finding that the ALJ's evaluation of his subjective complaints was proper. *Id.* at 2. He contends the ALJ did not make sufficient findings related to his daily activities, cited insufficient evidence regarding symptom improvement, and did not properly address inconsistencies with prior statements. *Id.* at 2-5.

An ALJ is permitted to reject a claimant's statements where, as here, the ALJ identified activities that conflict with the severity of symptoms to which a plaintiff testifies. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851-52 (9th Cir. 2022) ("the evidence of …daily activities, such as sewing, crocheting, and vacationing" supported the ALJ's evaluation of the claimant's testimony and finding she was not fully credible); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). The ALJ also carried the burden to identify evidence supporting a conclusion that treatment improved Plaintiff's symptoms, and the effectiveness of treatment is a clear and convincing reason to discount Plaintiff's testimony. *See Hernandez v. Kijakazi,* 2023 WL 8948405, at *5 (E.D. Cal Dec. 28, 2023) (ALJ erred in relying on improvement when he failed to "cite to evidence in the record" to support the finding). Finally, as the magistrate judge found, the ALJ identified inconstancies in statements made by Plaintiff concerning the symptom

___

[2] The Court ordered the parties to file any objections within 14 days, or no later than March 24, 2026. Doc. 20 at 11. The parties stipulated for Plaintiff to have a one-day extension to file objections, which he filed concurrently with his objections. Docs. 21, 22. The stipulation of the parties is APPROVED, and the extension of time is granted nunc pro tunc.

severity. *See* Doc. 11-2 at 27; Doc. 20 at 10-11.

In accordance with 28 U.S.C. § 636 (b)(1), the Court conducted a de novo review. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The ALJ applied the proper legal standards, and substantial evidence in the record supports the decision. Although the evidence may be "susceptible to more than one rational interpretation," the Court must defer to the ALJ's rational interpretation. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (citation omitted). The Court ORDERS:

1.   The findings and recommendations issued on March 25, 2026 (Doc. 20) are ADOPTED in full.

2.   Plaintiff's motion for summary judgment and appeal from the administrative decision of the Commissioner of Social Security (Doc. 14) is DENIED.

3.   The Commissioner's request to affirm the decision (Doc. 18) is GRANTED.

4.   The Clerk of Court is directed to enter judgment in favor of the defendant Commissioner of Social Security, terminate pending matters, and to close this case.

IT IS SO ORDERED.

Dated:   June 29, 2026

_____
UNITED STATES DISTRICT JUDGE

3